# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| WON SUN LEE, <br><br>     Plaintiff, <br><br> *v.* <br><br> WON BOK LEE, <br> Serve: 117 Susan Newton Lane, <br>       Yorktown, Virginia 23693 <br><br>     Defendant. | Case No.: **3:20-cv-00552-DJN** |

## COMPLAINT

COMES NOW, the Plaintiff, Won Sun Lee ("Plaintiff"), by counsel, and hereby files its claim against the above-named Defendant, Won Bok Lee ("Defendant") (collectively, "Parties") and in support thereof, states as follows:

### PARTIES

1. Plaintiff Won Sun Lee is a resident of Maryland. He resides at 9253 W. Stayman Drive, Ellicott City, Maryland 21042.

2. Defendant Won Bok Lee is a resident of the Commonwealth of Virginia. He resides at 117 Susan Newton Lane, Yorktown, Virginia 23693.

3. Parties share a blood relation and are brothers.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction exists as diversity of citizenship exists between parties and the matter in controversy exceeds $75,000 in value. *See* 28 U.S.C § 1332

5. Venue and personal jurisdiction are proper in this Court as Defendant resides in the same judicial district as this Court. *See* 28 U.S.C § 1391; Fed. R. Civ. P. 4 (k)(1)(A).

## STATEMENT OF FACTS

### District Court Proceeding

6. On July 23, 2002, Defendant obtained a default judgment ("2002 Federal Judgment") against Plaintiff for an amount of $141,059.44 (plus attorney's fees of $499.50, court costs and post-judgment interest) in the United States District Court for the State of Maryland.[1] A true and accurate copy of this Order dated July 23, 2002 is attached hereto as Exhibit A.

7. On May 21, 2004, two years after the judgment, Defendant submitted a "Request to File Notice of Lien" in the Circuit Court of Howard County, Maryland ("the Circuit Court") based on the 2002 Federal Judgment. A true and accurate copy of the electronic case record is attached hereto as Exhibit B.

8. Pursuant to this submission, the clerk in the Circuit Court ("Howard County Clerk") made two docket entries: (i) Notice of Lien received from United States District Court; and (ii) Judgment entered on "June 1, 2004." ("2004 Filing"). Exhibit B at 2.

9. To wit, the Howard County Clerk wrongly shifted the entry date of the 2002 Federal Judgment from July 23, 2002 to June 1, 2004. This 2004 Filing unjustifiably extended the limitation period to collect the 2002 Federal judgment by approximately two years.

10. After the notice of lien was filed and established in 2004, the case remained dormant for almost a decade.

11. On July 23, 2015, Defendant filed a request to renew the 2002 Federal Judgment. Per the laws of the State of Maryland, the 2002 Federal Judgment had already expired as twelve (12) years from the date of entry, i.e. July 23, 2002, had passed.

---

[1] The default judgment was obtained against Plaintiff Won Sun Lee and another individual, Steve Woo-Shik Lee, jointly and severally. A third individual, Kyung Hee Lee, was identified as Defendant in the same matter along with Plaintiff Won Sun Lee and Steve Woo-Shik Lee. On October 23, 2003, the same Court issued a default judgment against Kyung Hee Lee in the amount of $141,059.44, with interest and cost.

12. However, Defendant stated in his request that the judgment qualified for renewal. According to him, the 12-year limitation period ran from the date of the 2004 Filing (i.e. June 1, 2004) as entered by the Howard County Clerk.

13. In response, on March 24, 2016, Plaintiff filed a motion to vacate renewal of judgment ("Motion to Vacate") and requested for hearing. In his motion, Plaintiff stated that the judgment had expired on July 23, 2014 and could not be renewed by Defendant's request filed on July 23, 2015.

14. After conducting a hearing, Circuit Court denied Plaintiff's Motion to Vacate. Instead, Defendant's motion for renewed judgment was granted on June 2, 2016 and entered by the Circuit Court clerk on June 3, 2016.

### Plaintiff's Appellate Proceeding

15. On July 6, 2016, Plaintiff noted an appeal from the Circuit Court Order and Defendant moved to strike this notice of appeal as untimely. On August 9, 2016 the Circuit Court granted Defendant's motion and struck the notice of appeal.

16. On August 17, 2016, Plaintiff filed a timely appeal in the Court of Special Appeals in Maryland ("Special Appeals Court").

17. In response to Plaintiff's appeal in the Special Appeals Court, Defendant filed a motion to dismiss stating that the initial notice of appeal filed was untimely.

18. For the next 2.5 years, the matter was before the Special Appeals Court.

19. On January 30, 2019, the Court of Special Appeals ruled in Plaintiff's favor on all issues. It denied Defendant's motion to dismiss the appeal, reversed the denial of Plaintiff's Motion to Vacate the notice of appeal and remanded the case with instruction to vacate the renewed judgment. A true and accurate copy of Special Court's opinion is attached hereto as Exhibit C.

20. As a threshold procedural issue, the Court of Special Appeals decided that Plaintiff's notice of appeal on July 6, 2016 was filed timely. The clerk was not in compliance of Maryland Rule 2-601(b) when the docket entry was initially entered in June 2016; rather the docket entry had to rectified in July 2016. Hence Plaintiff's trigger date for the thirty-day appeal period ran only after rectification of the docket entry in July 2016.

21. While reversing Circuit Court's denial of Plaintiff's Motion to Vacate, the Court also held that the 12-year expiration period ran from the time 2002 Federal Judgment was entered, not the date it was docketed in Howard County. In this regard, the 2002 Federal Judgment timed out and the lien created by the 2004 Filing should have been destroyed. Hence, Circuit Court erred in granting Defendant's 2016 request for renewed judgment.

**Defendant's Writ of Certiorari**

22. On March 18, 2019, Defendant filed a petition for a writ of certiorari, seeking to revise the appellate decision against it. On May 14, 2019, the Court of Appeals in Maryland ("the Court of Appeals") granted the petition. The fact the appeal was granted meant that the lien was continued against Plaintiff's assets. However, the Defendant was on notice that the lien was presumptively void and thus continued with collection at its own risk.

23. On or about August 23, 2019, due to the renewed status of the 2002 Federal Judgment, Defendant collected Plaintiff's share of the proceeds from sale of the family cemetery plot in Republic of Korea in the amount of $206,536.00.

24. On January 23, 2020, the Court of Appeals held in favor of the Plaintiff and affirmed the opinion of the Special Appeals Court. A true and accurate copy of this opinion of the Court of Appeals is attached hereto as Exhibit D.

25. After receiving said opinion from the Court of Appeals, Plaintiff demanded that Defendant refund the money originally collected by him.

26. On April 23, 2020, Plaintiff through his then counsel formally demanded return of $206,536.00 as the decree such monies were collected on was declared void. A true and accurate copy of this letter dated April 23, 2020 is attached hereto as Exhibit E.

27. However, Defendant has failed to respond to Plaintiff's demand request. By ignoring Plaintiff's plea for a refund, Defendant continues to unjustly possess money collected on a judgment that now stands reversed. Upon information and belief, Defendant is concealing those funds by transferring to family members so as to avoid repayment.

### COUNT I - Restitution

28. Plaintiff incorporates paragraphs 1-27 set forth above as fully set forth herein.

29. It is a long-held Virginia law that a judgment or decree when reversed is a mere nullity and the aggrieved party has a right to be restored to what he lost by way of such erroneous decision. *See Flemings v. Riddick*, 46 Va. 272 (1848).

30. On January , 2020, the Court of Appeals reversed the decree by which Defendant collected money from Plaintiff.

31. Pursuant thereof, Plaintiff made a demand for refund of such monies as the decree was in effect nullified but to no avail.

32. Defendant, against his better right, has possession of Plaintiff's money collected on an erroneous judgment which now stands overturned by the highest Court in the State of Maryland.

33. By withholding such money, Defendant is depriving Plaintiff of his rights as the owner of the property.

34. Plaintiff has become a victim of conversion due to Defendant's wrongful exercise of authority over Plaintiff's property.

35. Hence, Plaintiff needs to be restored for the monies collected plus interest at the applicable post-judgment rate of interest from the dates these monies were received by the

Defendant. *See* Gerald M. Moore & Son v. Drewry & Assocs., 945 F. Supp. 117 (E.D. Va. 1996).

WHEREOF, Plaintiff Won Sun Lee prays that he be entitled to the following recovery:

(i) award for restitution for the monies collected by Defendant to the tune of $206,536.00; (ii) pre-judgment interest of 6% from the date of the 2019 collection; (iii) attorney's fees and other costs; and (iv) such other relief this Court deems just and equitable.

Dated: July 20,2020                                                                                    WON SUN LEE
                                                                                                                        By Counsel


  /s/ J. Chapman Petersen
J. Chapman Petersen, Esq., VSB #37225
Won Y. Uh, Esq., VSB # 92574
CHAP PETERSEN & ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2510 – Direct Dial
(571) 459-2307 – Facsimile
jcp@petersenfirm.com
wyu@petersenfirm.com
*Counsel for Plaintiff*